# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

TERENCE JAVON FLOYD,

      Plaintiff,

  v.

MATT SPELL, et al.,

      Defendants.

2:23-cv-47

## ORDER

The Magistrate Judge issued a Report and Recommendation ("R&R"), recommending the Court grant in part and deny in part Defendants' Motion to Dismiss. The Magistrate Judge recommended the Court deny the portion of the Motion to Dismiss relating to Plaintiff's exhaustion of administrative remedies. Dkt. No. 37. Defendants filed Objections to this portion of the R&R. Dkt. No. 39. For the following reasons, I **OVERRULE** Defendants' Objections. No party filed Objections to the portion of the R&R regarding Plaintiff's official capacity claims.

In his Complaint, Plaintiff asserts Defendants did not accommodate his religious needs and requests. Dkt. Nos. 1, 7. Defendants moved to dismiss Plaintiff's claims based on his failure to exhaust his administrative remedies prior to filing this cause of action. Dkt. No. 24-1. Plaintiff responded he was unaware of the Wayne County Jail Policy governing the administrative remedies

process (Policy 5.21) and the specific requirements of the Policy, and states the Policy was not available to him for review. Dkt. No. 32.

The Magistrate Judge noted that exhaustion of administrative remedies is an affirmative defense and, as such, Defendants have the burden to show Plaintiff failed to exhaust available administrative remedies.  Dkt. No. 37 at 11–12.  The Magistrate Judge considered the parties' positions and found it was "undisputed" Plaintiff did not exhaust his administrative remedies under Policy 5.21, but this finding did not end the analysis.  Id. at 9.  The Magistrate Judge concluded Defendants were not entitled to dismissal on this ground because Plaintiff was able to show the grievance procedure was unavailable to him under the two-step process set forth in Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008).  Id. at 9–15.  Defendants object to this conclusion.

In reviewing an R&R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court."  United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009); Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that

the objection be sufficiently specific and not a general objection to the report."). If no specific objections are made or no objections are made at all, "the appropriate standard of review for the report and recommendation is clear error." See Macort, 208 F. App'x at 784. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of those portions of the R&Rs to which Defendants object and has reviewed the remainder of the R&Rs for clear error.

In their Objections, Defendants state they met their initial burden of demonstrating a grievance procedure was generally available and the Magistrate Judge erred in relying on Plaintiff's unverified allegations of unavailability. Dkt. No. 39 at 2. Defendants cite Wright v. Ga. Dep't of Corr., 820 F. App'x 841 (11th Cir. 2020), in support of the assertion Plaintiff did not meet his burden of showing the generally available grievance procedure was unavailable to him, excusing his lack of exhaustion. Id. at 5. Defendants contend Plaintiff did not carry his burden, particularly in light of Plaintiff filing an appeal at a later time. Id.

Wright explains, "[W]here a defendant has shown that an administrative remedy is generally available, the plaintiff must come forward with evidence showing that the generally available remedies were not available *to him*." Johnson v. Terry, Civil

Action No. 1:18-cv-1899, 2021 WL 11718228, at *6 (N.D. Ga. Aug. 16, 2021), <u>overruling objection and adopting</u> 2021 WL 11718234 (N.D. Ga. June 24, 2021) (italics in original).  The <u>Wright</u> plaintiff argued the generally available grievance procedure was "an unavailable dead end because the wardens never approved an inmate grievance involving medical treatment[,]" but the plaintiff provided no factual support for this assertion.  <u>Wright</u>, 820 F. App'x at 845.  Additionally, the plaintiff failed to wait until the time for the Commissioner's Office to respond to his appeal had elapsed before filing his complaint.  <u>Id.</u> at 844.

Defendants' reliance on <u>Wright</u> is somewhat misplaced.  First, <u>Wright</u> is an unpublished opinion and is of limited precedential value.  Second, Plaintiff in this case does not argue administrative remedies were unavailable due to futility like the <u>Wright</u> plaintiff did.  Rather, Plaintiff asserts Policy 5.21 and its requirements were not known to him or available for his review.  Dkt. No. 37 at 13 (quoting Dkt. No. 32 at 3).  The Magistrate Judge acknowledged that the record shows Plaintiff was generally aware a grievance procedure of some kind existed, but the Magistrate Judge also determined Plaintiff presented enough disputed factual allegations to show Policy 5.21 was not known to Plaintiff and there was no evidence Plaintiff had the opportunity to learn of Policy 5.21 and its requirements.  <u>Id.</u> at 14, 14 n.3, 15.  In other words, there was evidence a grievance process existed and was

generally available, but Plaintiff presented evidence that Policy 5.21 was not available to him based on his lack of knowledge of this policy and the inability to obtain access to this policy through a handbook, law library, or other means.  Plaintiff met his burden of showing Policy 5.21 was not available to him. Plaintiff's unavailability allegation, taken as true at this stage, is enough to survive Defendants' Motion.  See Geter v. Baldwin State Prison, 974 F.3d 1348, 1356 (11th Cir. 2020) ("While the burden is on the defendant to show an available administrative remedy, once that burden has been met, the burden of going forward shifts to the plaintiff, who, pursuant to Turner must demonstrate that the grievance procedure was 'subjectively' and 'objectively' unavailable to him."); see also Turner, 541 F.3d at 1082 (observing a court is to compare "the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response" and accept the plaintiff's version if there is a conflict).

Thus, the Court **OVERRULES** Defendants' Objections.  After an independent and de novo review of the entire record, I concur with and **ADOPT** the Magistrate Judge's R&R, as supplemented herein, as the opinion of the Court.  I **GRANT in part** Defendants' Motion to Dismiss and **DISMISS** Plaintiff's claims against Defendants in their official capacities.  I **DENY in part** Defendants' Motion to Dismiss as to exhaustion, and Plaintiff's claims against Defendants in their individual capacities remain pending.  The Court **LIFTS** the

stay in this case and **DIRECTS** the Clerk of Court to issue a Scheduling Notice.

In addition, the Court notes one of its mailings to Plaintiff, sent to his last known address, was returned as undeliverable, with the notations "Not in Custody" and "Return to Sender, Not Deliverable as Addressed, Unable to Forward." Dkt. No. 38 at 1. The Court reminds Plaintiff of his obligation to inform the Court of any change in his address. Local R. 11.1. Plaintiff has a period of 14 days to either inform the Court of any change in his address or to inform the Court his address has not changed. In the event Plaintiff does not respond to this Order or another of this Court's mailings is returned as undeliverable, the Court will dismiss Plaintiff's remaining claims for failure to follow this Court's Orders and Local Rules.

**SO ORDERED**, this 12th day of September, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA